# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DYHAN SLAUGHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 4451 |
| | ) | |
| WINSTON & STRAWN LLP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Winston & Strawn LLP's (Winston) partial motion to dismiss and motion to strike. For the reasons stated below, the partial motion to dismiss is granted and the motion to strike is granted.

## BACKGROUND

Plaintiff Dyhan Slaughter (Slaughter) allegedly began working for Winston as a legal secretary in 1998. Slaughter contends that she suffers from epilepsy and a progressive hearing loss disorder and is thus disabled. Slaughter claims that she was discriminated against because of her alleged disabilities, that Winston failed to accommodate her alleged disabilities, and that Winston retaliated against her because she filed charges with the Equal Employment Opportunity Commission. Slaughter

1

includes in her complaint a claim alleging discrimination based on her alleged disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (ADA) (Counts I-III), an ADA retaliation claim (Count IV), an ADA interference, coercion, or intimidation claim (Count V), an ADA failure to accommodate claim (Count VI), an intrusion upon seclusion claim (Count VII), a conversion claim (Count VIII), a restitution claim (Count IX), and an intentional infliction of emotional distress (IIED) claim (Count X). Winston now moves to dismiss the claims in Counts V, VII, VIII, IX, and X, and to strike certain allegations from the complaint.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . .

. stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted). Pursuant to Federal Rule of Civil Procedure 12(e) (Rule 12(e)), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(e).

## DISCUSSION

I. Interference, Coercion, or Intimidation Claim (Count V)

Winston argues that Slaughter has not alleged facts to state a valid interference, coercion, or intimidation ADA claim. Pursuant to 42 U.S.C. § 12203(b), "[i]It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by" the ADA. *Id.* Slaughter contends that Winston executives repeatedly presented her with offers of a retirement package. (Compl. Par. 185). Slaughter further alleges that she was presented with the retirement package despite the fact that she had turned it down several days earlier. (Compl. Par. 186). As Slaughter acknowledges in her complaint, the retirement package was presented as a voluntary offer for retirement. (Compl. Par. 186). Although Slaughter has characterized Winston's actions as an effort to "bully" Slaughter, she fails to allege additional specific facts

3

that would plausibly suggest any effort to interfere with Slaughter's rights under the ADA or to coerce or intimidate her. (Compl. Par. 185). Slaughter fails to allege background facts that would suggest that Winston was attempting to coerce or intimidate her with the retirement offer. Even when accepting Slaughter's facts alleged as true and making reasonable inferences in her favor, the mere offer of a retirement package, even on more that one occasion, does not suggest a violation of the ADA. In addition, although Slaughter alleges that she subjectively felt bullied and that she suffered emotional distress, there are not sufficient facts to suggest that her beliefs were, from an objective legal standpoint, in any way justified. Therefore, Winston's motion to dismiss the interference, coercion, or intimidation ADA claim (Count V) is granted.

## II. Intrusion upon Seclusion Claim (Count VII)

Winston argues that Slaughter has not alleged facts to state a valid intrusion upon seclusion claim. For an intrusion upon seclusion claim brought under Illinois law, a plaintiff must establish: (1) "an unauthorized intrusion into seclusion," (2) that "the intrusion would be highly offensive to a reasonable person," (3) that "the matter intruded upon was private," and (4) that "the intrusion caused the plaintiffs anguish and suffering." *Cooney v. Chicago Pub. Sch.*, 943 N.E.2d 23, 32 (Ill. App. Ct. 2010). Slaughter alleges that "Defendant, through no less than 10 of its alter egos, engaged in unauthorized prying into [Slaughter's] confidential personnel file. . . ." (Compl. Par. 226). Slaughter fails, however, to allege facts that would explain

4

her peculiar and vague allegations as to "alter egos" and indicate who those persons might be. Nor does Slaughter allege facts that would suggest that her employer was acting in an unauthorized fashion because the employer examined her employee personnel file. Even when accepting Slaughter's facts alleged as true and making reasonable inferences in her favor, Slaughter has failed to allege facts that could support an intrusion upon seclusion claim. Therefore, Winston's motion to dismiss the intrusion upon seclusion claim (Count VII) is granted.

III. Conversion and Restitution Claims (Counts VIII and IX)

Winston argues that Slaughter has not alleged facts to state a valid conversion or restitution claim. In response to the instant motion, Slaughter does not oppose the dismissal of such claims. (DE 32: 12). Therefore, Winston's motion to dismiss the conversion and restitution claims (Counts VIII and IX) is granted.

IV. IIED Claim (Count X)

Winston argues that Slaughter's IIED claim is preempted by the Illinois Human Rights Act. State torts that are "inextricably linked" to civil rights violations that fall under the Illinois Human Rights Act must be brought before the Illinois Human Rights Commission and are preempted. *Quantock v. Shared Mktg. Servs., Inc.*, 312 F.3d 899, 905 (7th Cir. 2002)(citing *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997)). It is possible under certain circumstances to pursue both a discrimination claim and an IIED claim. *See Naeem v. McKesson Drug Co.*, 444

F.3d 593, 604 (7th Cir. 2006)(indicating that "discrimination and intentional infliction of emotional distress are different wrongs, and so torts that do not depend on a civil rights violation are not preempted"). However, in the instant action, Slaughter's IIED claim is based upon the same alleged conduct and same alleged wrongs that she relies upon to support her discrimination and retaliation claims that she presents in her complaint in this case. Slaughter has failed to identify an independent basis to bring her IIED claim and the claim is thus preempted. In addition, the court notes that the allegations presented by Slaughter do not plausibly suggest extreme and outrageous conduct. *See Fox v. Hayes*, 600 F.3d 819, 842 (7th Cir. 2010)(stating that "[f]or conduct to be extreme and outrageous it must go beyond all bounds of decency and be considered intolerable in a civilized community")(internal quotations omitted)(quoting *Lopez v. City of Chi.*, 464 F.3d 711, 721 (7th Cir. 2006)). Therefore, the motion to dismiss the IIED claim (Count X) is granted.

V. Motion to Strike

Winston moves to strike allegations relating to conduct that is time-barred. Although motions to strike are generally disfavored, *see Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007)(indicating that motions to strike generally do not promote judicial economy), Rule 12(e) provides such relief to litigants in certain instances such as in the instant action. Winston has correctly pointed out that the complaint includes allegations of time-barred conduct in paragraphs 102-9, 112-6,

149, 151-3, and 161. Striking such allegations would serve to remove irrelevant facts from the complaint and would promote judicial economy. Therefore, the motion to strike is granted.

## CONCLUSION

Based on the foregoing analysis, Winston's partial motion to dismiss and motion to strike are granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   May 4, 2017